UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT

OF ILLINOIS, WESTERN DIVISION

MARK BARATTA,

PLAINTIFF

VS.

RONALD JACOBSON

Individually and in his official capacity as judge of

The 15th circuit court of Lee County, Illinois,

DEFENDANT

Case No _18-50273_

_Jury Demand_

**RECEIVED**

AUG 1 3 2018

THOMAS G. BRUTON
CLERK, U.S. DISTRICT COURT

## COMPLAINT FOR VIOLATION OF CIVIL RIGHTS

I, Plaintiff claims federal jurisdiction pursuant to Article III—2 which extends the jurisdiction to cases arising under the U.S. Constitution.

Plaintiff brings this suit pursuant to Title 42 U.S. Code 1983 for violations of certain protections guaranteed to him by the FIRST and FOURTEENTH Amendments of the federal constitution, by the Defendant under color of law in his capacity as a judge in the 15th circuit court of Lee County, Illinois

PARTIES:

Plaintiff, Mark Baratta is a natural person residing at 909 Center Street, Dixon,Illinois, Lee County

Defendant, Ronald Jacobson is a judge presiding at 309 S Galena Ave Dixon, Illinois. Lee County Circuit Court

## STATEMENT OF CASE

1. On May 24th. 2017, The Plaintiff filed a motion to compel IN THE 15TH CIRCUIT COURT OF Lee County seeking medical attention for his minor child who is still wearing diapers at the age of 10. The doctor's order for a specialized evaluation into the child's condition was attached to the Motion to Compel. It has been 15 months and the Defendant, Judge Ronald Jacobson still refuses to hear the Plaintiff's argument for his motion to compel. Violating his rights to due process and ignoring his duty to attend to the best interest of the child that falls under his jurisdiction.

2. On June 9th, 2017, The Plaintiff paid a lawyer over $10,000 to produce a report to correct child support arrearages and show proof of what the Plaintiff actually owed. The defendant refused to make a ruling on this report and the Plaintiff continued to pay his lawyer to attend court every month just to hear the Defendant, Judge Ronald Jacobson say, "I'm not yet ready to rule on that topic." The report showed all the mistakes that were made by the defendant and orders he signed that were incorrect. This went on for 13 months until the Plaintiff's lawyer was forced to withdrawal from the case due to lack of payment from the Plaintiff. The Defendant finally made a ruling on this report after two JIB investigations and after he sent out a letter to all parties that he was removing himself from the Plaintiff's case. This act violated the Plaintiff's right to due process.

3. May 24th, 2017, the Plaintiff filed a Petition to Modify Parental Responsibility in the 25th Circuit court of Lee County and the Defendant, Judge Ronald Jacobson has still refused to hear this petition for 15 months now. Violation of right to due process.

4. On August 14th, 2017 The Plaintiff filed a Petition for Rule to show cause in the 15th circuit court of Lee County after his ex took his children during his court ordered parenting time and left the state. The Defendant, Judge Ronald Jacobson has still refused to hear this petition for 12 months now. Violation of due process

5. On October 31st, 2017, the Plaintiff filed a petition to modify child support in the 15th Circuit Court of Lee County and the Defendant, Judge Ronald Jacobson has still refused to hear this petition, 10 months now. Violation of due process.

6. On November 2nd, 2017, The Defendant, Judge Ronal Jacobson, went against the guidelines of Illinois Rule 215 and ordered the Plaintiff to undergo a mental evaluation by a Dr. Witherspoon who was 72 miles away from the Plaintiff when there was a local doctor that was qualified to do the evaluation. The defendant said, on court record, that there was a doctor in town but he did not want to use this doctor. Due to the Plaintiffs suspicions about this Dr. Witherspoon, the Plaintiff, as a Pro Se Plaintiff, well aware that a court ordered mental evaluation is not considered private and also aware of his rights to discovery of evidence, wired himself and recorded the complete mental evaluation. As suspected, this Dr. Witherspoon created a fake report that was a complete contradiction to what took place in the actual evaluation. On November 30th, 2017, The Plaintiff file motions to dismiss, motions to remove from record and motion for in camera interview where the defendant can view the actual evaluation and compare it to the report that was written by Dr. Witherspoon. The defendant refused to hear any motions/petitions until a criminal investigation that he ordered against the Plaintiff for recording his

mental evaluation, with the Rock Island States attorney's Office. After court, the Plaintiff called the Rock Island States attorney's Office to turn himself in, along with his recording, and cooperate with the investigation. The Rock Island State's attorney had no clue what the Plaintiff was talking about and assured him that there was no investigation ordered. The Defendant invented this criminal investigation to intimidate the Plaintiff into withdrawing his petitions/motions and to stop pursuing any issues with the fake Rule 215 Mental Evaluation. All petitions and Motions filed by the Plaintiff pertaining to the mental evaluation are still pending and the Defendant has refused to hear the Plaintiff's arguments and remove the report from the court record even though Dr. Witherspoon withdrew his report, returned his fee and acknowledged that his report has no credibility.

7. On January 25th, 2018 The defendant, Judge Ronald Jacobson threatened the Plaintiff and warned him that there could be a "Myriad of possibilities that this court could take" if the Plaintiff continues to talk about his case in the book or the promotion of the Plaintiff's book that he had written about his divorce and the corruption in the Lee County Court System. Therefore taking away the Plaintiff's right to free speech and discuss public record.

8. In March of 2018, the Plaintiff received messaged from a deputy Clerk, Ms. Sharon Phelps, at the lee County Courthouse warning the Plaintiff that the defendant, Judge Ronald Jacobson is watching him and having people in the clerks office follow my website that promotes the Plaintiff's book and report back to him with photocopies of the Plaintiff's comments and excerpts from his book. Upon learning of this situation, the Plaintiff filed a petition for change of venue based on bias and prejudice. The court date was set for may 23rd, 2018   The defendant degraded the Plaintiff in open court, made fun of his medical condition, made comments about the Plaintiff's states of mind, refused to allow the Plaintiff the right to a hearing and present evidence and refused to allow the Plaintiff to speak. The defendant then kicked the Plaintiff out of HIS courtroom. The Deputy Clerk, Ms. Sharon Phelps was fired shortly after.

9. On June 4th, the Defendant issued an order that the Plaintiff's case would be transferred to another judge AFTER he makes one final decision.

10. July, 19th, 2018 after a second JIB investigation was requested by the Plaintiff and three days after a complaint was filed in federal court against the defendant, the Defendant issued an order, on the Plaintiff's petition for recalculation of arrearages, that showed no facts or reasoning for the decision. The Plaintiff believes that this bias and prejudice order was retaliation for the JIB investigation and the Federal Complaint filed three days prior.

## PRAYER FOR RELIEF

Wherefore Plaintiff prays that this court issue equitable relief as follows:

1. Issue injunctive relief to vacate the defendant's prejudice final ruling and allow all matters to be moved to a district that is free of bias and prejudice so the Plaintiff can receive a fair hearing on all pending motions/Petitions and his rights can be restored. Order an investigation of the Fake Rule 215 Mental Evaluation that the Plaintiff had to undergo for fraud and conspiracy and order an emergency hearing for the Plaintiff's Motion to Compel, that was filed by the Plaintiff in May of 2017 so the minor child can receive the medical treatment that is required.

2. Issue declaratory relief as this court deems appropriate just.

3. Issue other relief as this court deems appropriate and just.

4. Award plaintiff his costs for litigation.

Respectfully submitted,

Mark Baratta
909 Center Street
Dixon, Illinois
708-968-9132
Thatbarattakid1@aol.com

# UNITED STATES DISTRICT COURT FOR THE NORTHERN DISTRICT

# OF ILLINOIS, WESTERN DIVISION

MARK BARATTA

PLAINTIFF

VS                                                                NO.

RONALD JACOBSON

Individually and in his official capacity as judge of

The 15th circuit court of Lee County, Illinois,

DEFENDANT

## PLAINTIFF'S AFFIDAVIT IN SUPPORT OF COMPLAINT

NOW COMES MARK BARATTA, PRO SE PLAINTIFF IN THE ABOVE MENTIONED CASE, BEING DULY SWORN UPON OATH, AND IN SUPPORT OF HIS COMPLAINT, DOES HEREBY STATE, DISPOSE AND AFFIRM AS FOLLOWS:

1. I AM THE PRO SE PLAINTIFF IN THE ABOVE MENTIOEN MATTER
2. THE AFFIDAVIT IS SUBMITTED IN SUPPORT OF SAID COMPLAINT.
3. I HAVE READ THE ABOVE COMPLAINT AND IT IS CORRECT TO THE BEST OF MY KNOWLEDGE.

Sharri K Miller

"OFFICIAL SEAL"
Sharri K Miller
Notary Public, State of Illinois
My Commission Expires November 27, 2021